**Helen HATFIELD, Appellant–Respondent,**

v.

**BARTON MUTUAL INSURANCE COMPANY, et al., Respondent–Cross Appellant.**

**Nos. SD 31175, SD 31176.**

Missouri Court of Appeals,
Southern District,
Division Two.

Sept. 17, 2012.

Motion for Rehearing and or Transfer Denied Oct. 9, 2012.

Application for Transfer Denied Nov. 20, 2012.

Dale Lewis Davis, Springfield, MO, for Appellant.

David Patrick Bub, St. Louis, MO, for Respondent.

DANIEL E. SCOTT, P.J.

The trial court entered summary judgment for plaintiff[1] on a fire insurance claim, finding defendant's cancellation notice "ambiguous in that it failed to specify which of the plaintiff's multiple properties, insured with defendant, was intended by defendant to be cancelled." That notice specified, by policy number, a single policy covering only the house that burned and no others.

No one has cited any case suggesting that such notice is ambiguous. On *de novo* review, we find no ambiguity. We reverse the summary judgment and remand the case for further proceedings.

## Background

■ We focus on facts relevant to the narrow issue above viewed in the light most favorable to defendant. *See ITT Commercial Finance Corp. v. Mid–Am. Marine Supply Corp.*, 854 S.W.2d 371, 376 (Mo. banc 1993).

Plaintiff had several rental houses. Some were insured with defendant. Policy C31354 covered one house at 2300 West Walnut Street in Springfield.

In September 2006, defendant sent plaintiff a refund check and cancellation notice for Policy C31354, and also notified plaintiffs insurance agency. The cancellation notice to plaintiff included the policy number (C31354), an effective cancellation date of October 26, 2006, and a brief explanation that the "risk no longer meets underwriting requirements/guidelines of this company."

Plaintiff's agent mailed defendant a check and requested that coverage be reinstated. Defendant returned the check on October 6, 2006, reiterating that cancellation was not due to nonpayment.

A year later, the house at 2300 West Walnut burned. Defendant denied plaintiff's insurance claim. Plaintiff sued defendant on Policy C31354 in one count and for negligence in another count. Defendant asserted cancellation as an affirmative defense to the policy claim.

Plaintiff sued her own insurance agents in the same case, then settled those claims for $40,000. Later, she dismissed her negligence claim against defendant, leaving only her contract claim on Policy C31354.

Both parties sought summary judgment on the policy claim. The court granted plaintiff's motion for the reason we quoted earlier, but gave defendant credit for plaintiff's $40,000 settlement. Plaintiff appeals as to the credit; defendant cross-appeals the entry of summary judgment.

## Analysis

■ We take the cross-appeal first, as our disposition of it moots plaintiff's points. The propriety of summary judgment is an issue of law. We do not defer to the trial court; our review is *de novo*. *Stone v. Farm Bureau Town & Country Ins. Co.*, 203 S.W.3d 736, 744 (Mo.App.2006). The policy claim hinged on coverage at the time of loss; plaintiff could not have summary judgment unless she proved that the affirmative defense of cancellation failed as a matter of law. *Id.*

The cancellation notice to plaintiff cited only Policy C31354, which insured only 2300 West Walnut. The notice was properly addressed and timely received by plaintiff, who does not contend that it contained inaccurate information. Her claim, which the court accepted, was that the

---

1. We identify the parties by their trial court positions as plaintiff (Ms. Hatfield) and defendant (Barton Mutual, successor to Cape Mutual Insurance Company, which issued the insurance policy in question).

notice was ambiguous because it did not include the address of the insured property. Plaintiff concedes that no statute requires this and cites no case imposing or suggesting any such duty.

■ In common parlance and case law, the term "ambiguous" means "a susceptibility to two or more meanings as well as a vagueness of meaning" or " 'duplicity, indistinctness or uncertainty of meaning of an expression used in a written instrument.' " [2] The notice in question *accurately* and *specifically* cited *one* (and only one) policy which insured *one* (and only one) property.[3] This was not vague or susceptible to multiple meanings. There was no duplicity, indistinctness, or uncertainty of meaning.

■ No matter how many properties or policies plaintiff may have owned, *this* cancellation notice was for only *one* policy insuring *one* property. It was not ambiguous. The trial court erred in granting summary judgment on such basis.

Plaintiff also advances several versions of an argument to this effect:

1. Plaintiff's agent misinterpreted the situation, thinking that another house was involved.

2. Defendant gained "actual knowledge" of this after its cancellation notice.

3. Thus, defendant had or acquired an affirmative post-notice duty to take additional steps to correct the agent's thinking.

Such assertions track, in part, the negligence allegations that plaintiff voluntarily

dismissed before she obtained summary judgment on her contract claim. This was not the stated basis for summary judgment. Moreover, what defendant actually knew was not an uncontroverted fact on this record. Plaintiff's arguments fail for these reasons alone; we need not consider other challenges raised by defendant.

Defendant's cross-appeal claim is well taken and hereby granted. Plaintiff's appeal challenging the $40,000 credit is denied as moot. Defendant's suggestion that it should be granted summary judgment on the policy claim is better directed to the trial court on remand. We reverse the judgment and remand the case for further proceedings consistent with this opinion.

JEFFREY W. BATES, J., and DON E. BURRELL, C.J., concur.

---

**2.** *See,* respectively, *Specialty Restaurants Corp. v. Gaebler,* 956 S.W.2d 391, 394 (Mo.App. 1997), *and In re Johnson,* 190 S.W.3d 469, 475 (Mo.App.2006) (quoting *Lehr v. Collier,* 909 S.W.2d 717, 721 (Mo.App.1995) and *Schupbach v. Schupbach,* 760 S.W.2d 918, 923 (Mo.App.1988)).

**3.** The record includes several declaration sheets for policies issued by defendant to plaintiff in similar fashion—separately numbered policies covering different houses, one house per policy.